UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:25-CR-161-M-RJ2

UNITED STATES OF AMERICA

V.

XIAOJUN MA

REQUEST FOR DISCOVERY

PLEASE TAKE NOTICE that pursuant to the authority set forth in Rules 12, 16, and 26.2, Federal Rules of Criminal Procedure, and in order to determine whether the Government intends to introduce any evidence that may be subject to a motion under Rule 12, FRCRIMPRO, and to determine the existence of grounds for any and all pretrial motions, it is hereby requested that the Government serve upon the undersigned, attorney for Defendant notice of the intention to use any evidence that may properly be discovered pursuant to Rule 16. Specifically, the defendant requests that the Government disclose:

1. The substance of any oral statement by the defendant.
2. Copies of any written or recorded statement made by the defendant.
3. Copies of any advice of rights and/or waiver of such rights.
4. A copy of any prior criminal record of defendant.
5. A list of all physical and tangible objects, other than contraband, which the Government intends to introduce at trial or any pretrial hearing, or which objects were seized from the defendant.
6. Copies of any books, records, documents, ledgers, papers, computer discs, hard-drives, or electronic records which are material to the preparation of the defense or which the Government intends to introduce at trial or any pretrial hearing.
7. Copies of any complaints or indictments related to this case.
8. Copies of any court order or warrant, and supporting papers, or written or recorded consent, and of any warrant return and inventory relating to the seizure of the defendant or

codefendant(s), or relating to the search of the defendant or the property, effects, papers, or homes thereof.

9. Copies of any court order or warrant and extension and supporting papers related to any electronic surveillance conducted in this case.

10. Copies of any results or reports of any scientific tests, experiments, examinations, or of any physical or mental examinations made in connection with this case.

11. A written summary of the testimony the Government intends to use under Rules 702, 703, or 705 Federal Rules of Evidence, including but not limited to the opinions of the witness, the basis and reasons for such opinions, and the qualifications of the witness.

12. Any and all photographs, copies of videotapes and audiotapes made by any Government informant, witness, source, official or agent for this case, or which the prosecution intends to introduce at trial or any pretrial hearing.

13. Any identification procedure, the name of any person making any identification or failing to make an identification, and the date, time, and place of the identification or procedure, and the identity of persons present at the time of the identification or procedure, and any descriptions given.

14. The existence of any uncharged misconduct, which the Government intends to introduce as evidence, Rule 404(b), Federal Rules of Evidence.

15. All copies of any investigative reports prepared by the Department of Justice or any other law enforcement or investigative agency, or by any intelligence agency which have been or will be used to refresh the recollection of any trial/pretrial witness.

16. The existence and identity of any person who served as a confidential informant/source and who supplied any agent of the United States with information concerning the conduct of the defendant.

17. With respect to each prosecution witness, the following material is demanded:

    a. Any statement, oral, written, or recorded, which conflicts with the present prosecution theory of the case.

    b. Any promise of non prosecution for any crime in any jurisdiction.

    c. Any agreement or understanding by the prosecution to assist the witness.

    d. The criminal record of the witness.

e. Any fact or allegation concerning criminal or other misconduct, personal or professional, by the witness which is not reflected in the criminal record of the witness.

f. Any situation known to the prosecution where the witness could be named as a defendant or coconspirator, but has yet to be charged.

g. Any material reflecting any possible motive of the witness to cooperate with the government.

h. Any demand, complaint, or other request made to the government which could bear on the bias of the witness in favor of the prosecution.

i. Any information or material bearing adversely on the mental or emotional state of the witness, including any controlled substance use or treatment, alcohol abuse or treatment, and any history of psychiatric or psychological illness or treatment of the witness.

j. Any report, note, document or paper in which it is recited that any person other than Defendant committed the crimes charged, or that the present theory of the case by the prosecution may be in error.

k. Any exculpatory evidence or testimony given by a grand jury witness whom the prosecution does not intend to call as a witness at trial or hearing.

l. Any statement that relates to the subject matter concerning which the witness will testify.

18. Any and all evidence of any nature whatsoever, the names or identity of any witness, and the statement of any witness which would tend to exculpate Defendant, or be assistance in the preparation of the defense, or which would affect the punishment in the instant indictment, or which would impugn or impeach the credibility of any evidence the Government may introduce at trial or at a hearing, or that might affect the outcome of the trial.

19. Any and all exculpatory evidence which must be disclosed as material and favorable to the defendant because it tends to (1) cast doubt on defendant's guilt as to any essential element in any

count in the indictment or information; (2) cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. 3731; (3) cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; or (4) diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

Respectfully submitted this 3rd day of October 2025.

The Wagoner Law Firm, PLLC

By: __/s/ J. Merritt Wagoner
J. Merritt Wagoner
Attorney for Defendant
401 Chestnut Street, Suite K
Wilmington, N.C. 28401
(910) 341-4529 phone
(910) 920-9097 fax
merrittwagoner@hotmail.com email
N.C. State Bar No. 32978
LR 57.1, Appointed

CERTIFICATE OF SERVICE

I, J. Merritt Wagoner, do hereby certify that I have caused the foregoing Request for Discovery to be electronically filed and served upon Assistant United States Attorney Tyler Lemons.

This the 3rd day of October 2025

                                            The Wagoner Law Firm, PLLC

                                      By: /s/ J. Merritt Wagoner
                                            J. Merritt Wagoner
                                            Attorney for Defendant
                                            401 Chestnut Street, Suite K
                                            Wilmington, N.C. 28401
                                            (910) 341-4529 phone
                                            (910) 920-9097 fax
                                            merrittwagoner@hotmail.com email
                                            N.C. State Bar No. 32978
                                            LR 57.1, Appointed

Tyler Lemons
Assistant United States Attorney
Eastern District of North Carolina
300 N. 3rd Street, Suite 120
Wilmington, NC 28401